UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| BRADLEY D. MORGAN, | ) | |
| --- | --- | --- |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:17-CV-761-JD-MGG |
| | ) | |
| WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

OPINION AND ORDER

Bradley D. Morgan, a prisoner without a lawyer, filed a habeas corpus petition challenging a disciplinary hearing (ISP 16-09-253) where a Disciplinary Hearing Officer (DHO) found him guilty of trafficking in violation of Indiana Department of Correction (IDOC) Policy A-113 on October 3, 2016. ECF 1 at 1. As a result, he was sanctioned with the loss of 180 days earned credit time and demoted from Credit Class 1 to Credit Class 2. *Id.* The Warden has filed the administrative record and Morgan filed a traverse. Thus this case is fully briefed.

The Fourteenth Amendment guarantees prisoners certain procedural due process rights in prison disciplinary hearings: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence in defense, when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418

U.S. 539 (1974). To satisfy due process, there must also be "some evidence" in the record to support the guilty finding. *Superintendent, Mass Corr Inst. v. Hill*, 472 U.S. 445, 455 (1985). In his petition, Morgan argues there are three grounds which entitle him to habeas corpus relief.

In ground one, Morgan asserts that the DHO did not have sufficient evidence to find him guilty. ECF 1 at 2, ECF 1-2 at 2-3. In the context of a prison disciplinary hearing, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

2

Here, Morgan was found guilty of violating IDOC offense A-113 which prohibits inmates from"[e]ngaging in trafficking (as defined in IC 35-44.1-3-5) with anyone who is not an offender residing in the same facility. Indiana Department of Correction, Adult Disciplinary Process: Appendix I. http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf.

The Conduct Report charged Morgan as follows:

On 3/24/2016 Case 16-ISP-0139 was opened regarding Offender Morgan Bradley # 101430. Offender Morgan Bradley through an investigation was found to be the owner of a white L[G] Volt phone that was confiscated on 3/8/16 in a drain in cubical FW 79. Ownership was verified from text messages and photos within the phone. Offender Morgan Bradley was engaging in unauthorized financial transactions receiving Pay pal, Walmart money transfer[s] and Western Union money transfers from civilians to buy and sell contraband to other inmates within the facility. Offender Morgan, Bradley # 101430 is engaging in the trafficking of Cell phones, Tobacco, and other contraband items i[n] mass quantities.

16-ISP-0039 Found Substantiated for Trafficking.

ECF 7-1 at 1.

In assessing the evidence, the DHO determined there was sufficient evidence in the record to find Morgan guilty of trafficking in violation of offense A-113. A conduct report alone can be enough to support a finding of guilt. *McPherson*, 188 F.3d at 786. Such is the case here. In this case, the conduct report was based on an Internal Affairs investigation, which showed Morgan engaged in extensive trafficking of cell phones, tobacco, and other contraband into the prison facility using a cell phone. ECF 7-1 at 1. As the Warden explains, the Internal Affairs investigation initially uncovered the

discovery of a number of cell phones in the possession of another offender. ECF 7 at 7. Upon inspection of the contents of the phones, it was determined that Morgan had used one of the confiscated phones, a white LG Volt cell phone, because the phone contained text messages sent to Morgan's family members and pictures of Morgan. ECF 7 at 7, ECF 9 at 3, 41-49, 64-66, 70-74. Morgan's extensive trafficking activities were evidenced by the content of many of the text messages he sent, which indicated he was involved in trafficking cell phones and other contraband into the prison facility. ECF 7 at 7, ECF 9 at 3, 41-49. Specifically, the text messages identified financial transactions being made through civilians outside of the prison and contained the specific models of cell phones being transported into the facility. *Id*. Therefore, based on the information found on Morgan's cell phone, there was more than "some evidence" for the DHO to conclude he engaged in trafficking contraband in violation of offense A-113.

Nevertheless, Morgan argues his due process rights were violated because his request for any and all physical evidence related to the confidential case file, 16-ISP-0039, was improperly denied. ECF 1 at 2, ECF 1-2 at 5-7, ECF 7-2 at 1. Here, Morgan claims there was no physical evidence tying him to the trafficking charge as there was no contraband found in his possession or any other evidence proving he engaged in trafficking activities. ECF 1 at 2. Thus, according to Morgan, the DHO failed to produce any evidence that would substantiate his involvement in trafficking contraband into the prison facility.

4

While Morgan had a right to request evidence in his defense, *see Wolff*, 418 U.S. at 566, he did not necessarily have a right to personally review the evidence. *See White v. Ind. Parole Bd.*, 266 F.3d 759, 767 (7th Cir. 2001) ("prison disciplinary boards are entitled to receive, and act on, information that is withheld from the prisoner and the public . . . "). Here, Morgan did not have a right to review the confidential investigation file because the file contains personal information, phone numbers, and information about other offenders and civilians. The release of the confidential investigation file would have given Morgan and other inmates insight into the surveillance techniques employed by the Internal Affairs investigators. The court has reviewed the confidential investigation file and finds the DHO did not err in determining that it posed a security threat to release this information to Morgan as it contains the identity of the people involved in the underlying offense and statements of individuals whose safety may be threatened if the information were disclosed.

Morgan also did not have a right to review the confidential investigation file because it did not contain exculpatory evidence. *Rasheed-Bey v. Duckworth*, 969 F.2d 357, 361 (7th Cir. 1992) (due process only requires production of "exculpatory" evidence). Exculpatory in this context means evidence which "directly undermines the reliability of the evidence in the record pointing to [the prisoner's] guilt." *Meeks v. McBride*, 81 F.3d 717, 720 (7th Cir. 1996). While Morgan has a right to present relevant, exculpatory evidence in his defense, the confidential investigation file was made up of incriminating evidence, which supports the conduct report. The evidence found on the phone

5

included financial transactions that were made through civilians outside of the prison and identified specific models of cell phones being transported into the prison. Because the DHO, who presided over Morgan's hearing, thoroughly reviewed and considered the evidence contained in the confidential investigation file there was no violation of Morgan's due process rights. *White*, 266 F.3d at 767. Furthermore, the court has reviewed the confidential file and notes it does not contain any exculpatory evidence. *Jeffries v. Neal*, 737 Fed. Appx 791, 793 (7th Cir. 2018) ("our review of the internal-affairs file confirms that it contains no evidence contradicting the hearing officer's conclusion that Jeffries trafficked drugs.").

To the extent the DHO might have erred in not releasing the confidential file to Morgan, that error was harmless. Here, the court notes that while the DHO or prison officials could have redacted the confidential file and released that portion of the file containing Morgan's text messages and photos to him, he has not shown that the denial of that evidence resulted in actual prejudice rather than harmless error. *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). Because Morgan sent and received text messages related to his trafficking activities, he was already aware of the contents of these messages. Thus, he has not established that being able to review his own text messages would provide him with anymore information than what he had already known. Therefore, Morgan was not prejudiced in any way by the DHO's denial of his request to review the confidential investigation file.

Morgan further asserts there was insufficient evidence to find him guilty because Offender Herbert Roberts produced a written statement in which he admitted the cell phones and contraband belonged to him. ECF 1 at 2, ECF 7-3 at 7. Here, Morgan argues the DHO did not consider Roberts's written statement. However, that is not the case. Roberts's statement is contained in the administrative record, ECF 7-3 at 7, and the DHO considered it in reaching a decision. ECF 7-3 at 1. It appears as though what Morgan is actually complaining about is that the DHO did not credit Roberts's statement. The DHO was responsible for determining the credibility of Roberts's statement and this court cannot reevaluate that decision. *McPherson*, 188 F.3d at 786 (the court is not "required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence."). Rather, it is the court's role to determine if the DHO's decision to revoke good time credits has some factual basis. *Id*. As discussed, the conduct report details the results of the Internal Affairs investigation in which Morgan used a cell phone to engage in extensive trafficking of cell phones and contraband as documented by the many text messages he sent which contained financial transactions and models of cell phones to be transported into the prison facility. *Hill*, 472 U.S. at 456-57 ("the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board."). Because the DHO's finding was neither arbitrary nor unreasonable in light of the facts presented in this case, the DHO had sufficient

evidence to find Morgan guilty of offense A-113. Therefore, ground one does not identify a basis for habeas corpus relief.

In his second ground, Morgan argues his due process rights were violated because prison officials charged him with the trafficking offense more than six months after the alleged incident took place. ECF 1 at 2. In support of his proposition, Morgan relies on Indiana Code Section 11-11-5-5(11)(b), which states that IDOC "may not charge a committed person with a disciplinary rule violation unless it does so within ten (10) days of the date it becomes aware of that person's alleged involvement in misconduct." ECF 1-1 at 19-20. Thus, according to Morgan, prison officials violated the statutory provision because the alleged trafficking incident took place on March 24, 2016, but he did not receive a conduct report until September 27, 2016.

However, habeas corpus relief can only be granted for "violation[s] of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Failure to follow policy is not a constitutional violation. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("state-law violations provide no basis for federal habeas relief") and *Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (inmate's claim that prison did not follow internal policies had "no bearing on his right to due process"). The court's review of the record shows that the investigation and conduct report were both completed on September 27, 2016. ECF 7 at 8-9, ECF 7-1 at 1, ECF 9 at 3, 15. The following day, on September 28, 2016, Morgan was notified of the charges. ECF 7-1 at 1. Even under the standard set forth in the statute, the charges were brought quickly enough against Morgan.

Nevertheless, Morgan's claimed violation of state law is not cognizable and can not be remedied in a habeas corpus petition. Therefore, his second ground does not provide a basis for habeas corpus relief.

In his third ground, Morgan argues his due process rights were violated because he was denied witness statements from Officers Westman and Reed. ECF 1 at 3, ECF 1-2 at 4-5. Prison officials have discretion to "keep the hearing within reasonable limits." *Wolff*, 418 U.S. at 566. Thus, a hearing officer may deny witness or evidence requests that threaten institutional goals or are irrelevant, repetitive, or unnecessary. *Piggie v. Cotton*, 342 F.3d 660, 678 (7th Cir. 2003). That is what happened here. The DHO denied Morgan's request for statements from Officers Westman and Reed as "irrelevant to [the] charges." ECF 7-3 at 1. Here, Morgan claims the statements were relevant because the cell phone was found in a "place of common use and accessibility [to] other offenders." ECF 1 at 3. However, the location where the cell phone was found is not relevant to the trafficking charge. Rather, the information found on the cell phone itself was relevant to the charge. And, as discussed *supra*, the information found on the phone substantiated the trafficking charge. Because Morgan has not identified anything from either of these witnesses that would prove to be exculpatory or might have aided his defense, this third ground does not identify a basis for granting habeas corpus relief. *Piggie,* 342 F.3d at 666.

If Morgan wants to appeal this order, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v.*

*Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because pursuant to 28 U.S.C. § 1915(a)(3) an appeal in this case could not be taken in good faith.

For these reasons, Bradley D. Morgan's petition for writ of habeas corpus is DENIED. The clerk is DIRECTED to close this case.

SO ORDERED on October 25, 2018

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT